# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED at 4 O'clock & 25 min P M
Date 11-15-05
pcb

United States Bankruptcy Court
Savannah, Georgia

In the matter of:  )
  )  Chapter 13 Case
ANNA BUTLER  )
  )  Number 05-43195
   Debtor  )

## ORDER ON MOTION FOR EXTENSION OF AUTOMATIC STAY

Debtor filed Chapter 13 on October 21, 2005. On the same day, Debtor filed an Emergency Motion for Extension of the Automatic Stay which was later amended. Debtor's Motion requested the Court "extend" the stay provisions of 11 U.S.C. § 362 which would otherwise terminate on the thirtieth day after filing. That Motion was set for a hearing after ten (10) days notice to all creditors, as discussed in a prior order in this case. Order On Amended Emergency Motion For Extension Of Automatic Stay, p. 5 (Oct. 31, 2005)(Dckt. No. 7).

Inasmuch as the Debtor has had one prior case under Chapter 13 of the Bankruptcy Code which was pending within a twelve month period prior to the filing of the instant case, Section 362(c)(3)(A) provides that the automatic stay shall terminate with respect to the Debtor on the thirtieth day after filing. Although there is a presumption that one-time refilers have not filed in good faith, they are permitted to overcome the presumption

AO 72A
(Rev. 8/82)

upon motion, notice and a showing by clear and convincing evidence of good faith.

Retroactivity

The first issue requires an interpretation of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") amendments and whether they are applicable to this case. Debtor argued that since the effective date of Sections 362(c)(3) and (c)(4) was October 17, 2005, Debtor's eligibility should only be decided with reference to cases filed after that date. That is, Debtor contended that the amendments should not be applied "retroactively" to permit consideration of the circumstances of any case filed by Debtor pre-October 17, 2005.

As a general rule of statutory construction, a statute will not be given retroactive effect unless the legislature expresses a clear and unequivocal desire for such an application. Claridge Apartments Co. v. Comm'r of Internal Revenue, 323 U.S. 141, 164, 65 S.Ct. 172, 89 L.Ed. 139 (1944). Furthermore, courts generally abhor giving retroactive application to statutes. Greene v. United States, 376 U.S. 149, 84 S.Ct. 615, 11 L.E.2d 576 (1964); Winfree v. N. Pac. Ry. Co., 227 U.S. 296, 33 S.Ct. 273, 57 L.Ed. 518 (1913); *see also* United States v. Moore, 95 U.S. (5 Otto) 760, 762, 24 L.Ed. 588 (1877)("A statute is never to be so construed as to have [retrospective] effect, if it can be reasonably avoided. The presumption, until rebutted, is the other way.").

AO 72A
(Rev. 8/82)

2

However, the problem of retroactivity does not arise when the operation of a statute draws upon antecedent facts. Lewis v. Fidelity & Deposit Co. of Md., 292 U.S. 559, 571, 54 S.Ct. 848, 853, 78 L.Ed. 1425 (1934); *see also* Reynolds v. United States, 292 U.S. 443, 449, 54 S.Ct. 800, 803, 78 L.Ed. 1353 (1934)("A statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends, or some of them, are *drawn from a time antecedent to the enactment*.")(emphasis added).

Based on these principles, the First Circuit Court of Appeals has stated that:

> The determination of whether a statute's application in a particular situation is prospective or retroactive depends upon whether the conduct that allegedly triggers the statute's application occurs before or after the law's effective date. *Hence, a statute's application is usually deemed prospective when it implicates conduct occurring on or after the effective date. Even when the later-occurring circumstance depends upon the existence of a prior fact, that interdependence, without more, will not transform an otherwise prospective application into a retroactive one.*
>
> McAndrews v. Fleet Bank of Mass., N.A., 989 F.2d 13, 16 (1st Cir. 1993)(emphasis added)(citations omitted).

In making this observation, the First Circuit noted that Section 365(e)(1), which renders termination-upon-insolvency clauses unenforceable in bankruptcy, had been applied by courts to leases that were signed *before* the effective date of the Bankruptcy Code. Id. at 17 (emphasis added)(citing In re Triangle Lab., Inc., 663 F.2d 463, 467 (3d Cir.

AO 72A
(Rev. 8/82)

3

1981)(noting that § 365(e)(1) controls "leases . . . executed prior to the effective date of the Code" when "the event which trigger[s] the bankruptcy termination clause occur[s] after the effective date of the Code")).

These principles apply to retroactivity concerns associated with Sections 362(c)(3) and (4). The fact that the application of those two sections may cause an examination of bankruptcy filings that occurred prior to BAPCPA's effective date does not lead to the conclusion that prohibited retroactivity is occurring. Although the fact of previous bankruptcy filings is considered in the application of Sections 362(c)(3) and (4), it is a post-October 17, 2005 event (the filing of a new case) that triggers these two Sections. *See* McAndrews, 989 F.2d at 16 ("[A] statute does not operate retroactively simply because its application requires some reference to antecedent facts."). The contention is overruled.

## Good Faith

The Debtor testified that there has been a substantial change in her financial affairs since the dismissal of the prior case. She is now employed by Goodwill Industries in a full-time position and between her part-time cleaning business and income from a boarder, she earns an additional $1,400.00 per month. In addition, her petition and testimony reveal that she has approximately $31,000.00 in equity in her home and she has proposed a 100% plan of repayment to all creditors. Her testimony demonstrates a substantial change in circumstances and a realistic ability on her part to fund a meaningful plan in this case. That

testimony was uncontradicted and makes out a *prima facie* case under 11 U.S.C. §§ 362(c)(3) and (4) to overcome the statutory presumption that this case was not filed in good faith.

I therefore find, by clear and convincing evidence, that the Debtor has rebutted the presumption and has shown that the instant case was filed in good faith.

IT IS THEREFORE THE ORDER OF THIS COURT that the automatic stay afforded by 11 U.S.C. § 362 shall be extended and remain in effect as to all creditors in the Debtor's case.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 15th day of November, 2005.